IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| STANLEY JULES JOHNSON | § |
| VS. | §   CIVIL ACTION NO. 1:05cv400 |
| STATE OF LOUISIANA | § |

MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Stanley Jules Johnson, an inmate confined at the Federal Correctional Complex, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Discussion

Petitioner filed this petition asserting that a detainer lodged against him by the State of Louisiana is illegal. Petitioner states the detainer is illegal because the State of Louisiana has no jurisdiction to lodge a detainer for a sentence over which it relinquished jurisdiction more than 30 years ago.

Analysis

Section 2241 provides the general jurisdictional basis for federal courts to consider challenges to both state and federal judgments. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." To entertain a 2241 habeas petition, the district court must have jurisdiction over the prisoner or his custodian. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).

In *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the Court was presented with a question of interstate detainer, an issue not covered by 28 U.S.C. § 2241. In *Braden*, the Court addressed the issue of whether a district court in one state could have jurisdiction over a prisoner in custody in another state where that prisoner challenged a detainer issued by the first state. "In reaching is conclusion that the prisoner could attack the interstate detainer in a district court located within the state issuing the detainer, though the prisoner is confined in another state, the Supreme Court looked to the text of 28 U.S.C. § 2241(a)." *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). The Supreme Court then used traditional venue principles to reach its conclusion that it could not assume that Congress intended to require a state to defend its action in a distant state and to preclude resolution of the dispute by a federal judge familiar with the laws and practices of the first state. *Id*.

In the case of a detainer, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer. *Braden*, 410 U.S. at 499. "[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 524 U.S. 426, 438

(2004). Thus, the proper respondent in this action is the demanding state, Louisiana.

Here, petitioner challenges the validity of a detainer lodged against him concerning a conviction obtained in Jefferson Parish, Louisiana. *See State v. Johnson*, 368 So.2d 131 (La. Feb. 23, 1979); *United States v. Washington*, 550 F.2d 320 (5th Cir. 1977). Pursuant to 28 U.S.C. § 98, Jefferson Parish is located in the Eastern District of Louisiana. Petitioner is currently confined at the Federal Correctional Complex in Beaumont, Texas. Accordingly, both the federal district court for the Eastern District of Texas and the federal district court for the Eastern District of Louisiana have concurrent jurisdiction over the habeas petition.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted, and the detainer was lodged against him. Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

The detainer which forms the basis of this petition concerns a conviction from Jefferson Parish, Louisiana. As set forth above,

Jefferson Parish is located in the Eastern District of Louisiana. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Eastern District of Louisiana. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this __5__ day of _____December_____, 2005.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE